# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711
ATTORNEY GENERAL


December 29, 1971

Hon. F. B. Lloyd, Jr.
District Attorney
P. O. Box 965
Alice, Texas 78332

Opinion No. M-1030

Re: Do the provisions of S. B. 132, Acts 62nd Leg., R. S., 1971, ch. 831, p. 2535, which authorizes various courts to punish for contempt of court, apply to Commissioners Courts?

Dear Mr. Lloyd:

Your recent request for an opinion asks for an answer to the following question:

> Do the provisions of S. B. 132, Acts 62nd Leg., R. S., 1971, ch. 831, p. 2535, which authorizes various courts to punish for contempt of court, apply to Commissioners Courts?

Your attention is direct to the caption or title of Senate Bill 132 (Article 1911a, V. C. S.) which provides as follows:

> "An Act relating to the power and authority of certain courts, to punishment for contempt and to powers of justices of the peace; amending Article 2386, Revised Civil Statutes of Texas, 1925; amending Article 45.12, Code of Criminal Procedure, 1965; repealing Articles 1736, 1826, 1911 and 1955, and Section 2, Article 4.04, Code of Criminal Procedure, 1965; . . ." (Emphasis added)

Section 4 of Senate Bill 132 amends Article 2386, Revised Civil Statutes of Texas, 1925, which confers upon justices of the peace certain powers including the power to punish for contempt; Section 5 of the Bill

amends Article 45.12, Code of Criminal Procedure, 1965, which authorizes a recorder of a corporation court to punish for contempt; Section 6 of the Bill repeals Article 1736, which authorizes the Supreme Court to punish for contempt; Article 1911 which authorizes the district court to punish for contempt; and Article 1955 which authorizes the county court to punish for contempt. Additionally Section 2 of Article 4.04, Code of Criminal Procedure, 1965, which authorizes the Court of Criminal Appeals of Texas to punish for contempt was also repealed.

It is noted, however, that Section 2 of Senate Bill 132 provides in part:

> "(a) Every court other than a justice court or municipal court may punish by a fine of not more than $500 or by confinement in the county jail for not more than 6 months, or both, any person guilty of contempt of the court;
>
> "(b) A justice court or municipal court may punish by a fine of not more than $200 or by confinement in the county or city jail for not more than 20 days, or both, any person guilty of contempt of the court; . . ."
> (Emphasis added)

Article 2351, Subdivision 13, Vernon's Civil Statutes, expressly authorizes a Commissioners Court of any county to:

> "Punish contempts by fine not to exceed twenty-five dollars or by imprisonment not to exceed twenty-four hours, and in case of fine, the party may be held in custody until the fine is paid."

It is a well settled canon of statutory construction that when the caption or title of an act specifies the nature of the amendment, the body of the act must conform. Likewise, the body of the act cannot contain an amendment to a section of a previous act where the title omits any mention of that section. 53 Tex. Jur. 2d 111-112, Statutes, Sec. 61, and cases there cited.

Applying these rules so as to harmonize the title and the body of the act, we conclude that the "certain courts" referred to in the caption

that were the subject of amendments or repeal were only those courts exercising strictly judicial powers as distinguished from a county commissioner's court, which is primarily an administrative body, such as a city council. We note that the statute dealt with "municipal courts" but not the city councils.

The Act in question contains no clause of general repeal but only clauses of specific repeal, which ". . . constitutes a declaration that other acts and provisions shall remain in force on the theory that the legislature would have also mentioned them had it intended their repeal." 53 Tex. Jur. 2d 142, Statutes, Sec. 96. The question presented is whether the Act impliedly repeals Article 2351, Subd. 13. Implied repeal is a matter of legislative intent, and an act is not deemed to repeal a statute when the legislative intent is to the contrary, even though its words would have that effect if taken strictly and grammatically. 53 Tex. Jur. 2d 147-148, Statutes, Sec. 100.

The applicable rule is stated as follows:

> "Repeal of statutes by implication is never favored or presumed. A repeal by implication will be adjudged only if this result is inevitable or was plainly intended by the legislature, and if the implication is clear, necessary, irresistible, and free from reasonable doubt. If by any reasonable construction two acts or statutory provisions can be reconciled and so construed that both may stand, one will not be held to repeal the other. . . ." 53 Tex. Jur. 2d 152, Statutes, Sec. 102.

In view of the foregoing considerations, we have concluded that Senate Bill 132 did not impliedly repeal Article 2351, Subdivision 13. Therefore, your question is answered in the negative. Since Senate Bill 132 does not amend or repeal Article 2351, Subdivision 13, contempts before the Commissioners Court are still controlled by the express provisions of the latter article.

## SUMMARY

Senate Bill 132, Acts 62nd Leg., R. S., 1971, ch. 831, p. 2535 (Article 1911a, V. C. S.), which authorizes various courts to punish for contempt

Honorable F. B. Lloyd, Jr., page 4 (M-1030)

of court, does not apply to Commissioners Courts. Contempts before the Commissioners Courts are still governed by the provisions of Article 2351, Subdivision 13, V. C. S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Flanary
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Austin Bray
Kenneth Nordquist
Robert Lemens
Sally Phillips
John Reeves

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant